BRYAN R. WHITTAKER
Assistant U.S. Attorney
ERIC E. NELSON
Special Assistant U.S. Attorney
U.S. Attorney's Office
901 Front Street, Suite 1100
Helena, MT 59626
Phone: (406) 457-5120
FAX: (406) 457-5130
E-Mail: Bryan.Whittaker@usdoj.gov
        Nelson.Eric@epa.gov

**FILED**
JUL 1 6 2018
Clerk, U.S. District Court
District Of Montana
Helena

ATTORNEYS FOR PLAINTIFF
UNITED STATES OF AMERICA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BUTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, **Plaintiff**, vs. ZACHARY DANIEL FLANAGAN, **Defendant.** | CR 18-    -BU-DLC **PLEA AGREEMENT** |

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the United States of America, represented by Bryan R. Whittaker, Assistant United States Attorney and Eric E. Nelson, Special Assistant United States Attorney for the District of Montana, and the defendant, Zachary Daniel Flanagan, and the defendant's attorney, Brian K. Gallik, have agreed upon the following:

AUSA _BRW_  DEF _ZF_  ATTY _BKG_  Date _7/16/18_  Page 1

1.   **Scope:**  This plea agreement is between the United States Attorney's Office for the District of Montana and the defendant.  It does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority, or the United States Probation Office.

2.   **Charges:**  The defendant agrees to plead guilty to the information, which charges the crime of false statement in violation of 18 U.S.C. § 1001(a)(2). This offense carries a maximum punishment of five years imprisonment, a $250,000 fine, three years of supervised release, and a $100 special assessment.

3.   **Nature of the Agreement:**  The parties agree that this plea agreement will be governed by:  Rule 11(c)(1)(A) and (B), *Federal Rules of Criminal Procedure*.  The defendant acknowledges that the agreement will be fulfilled provided the United States:  a) does not pursue other charges against the defendant; and b) makes the recommendations provided below.  The defendant understands that if the agreement is accepted by the Court, there will not be an automatic right to withdraw the plea even if the Court does not accept or follow the recommendations made by the United States.

4.   **Admission of Guilt:**  The defendant will plead guilty because the defendant is guilty of the charge contained in information.  In pleading guilty, the defendant acknowledges that:

> First, the defendant made a false statement in a matter within the jurisdiction of the Environmental Protection Agency;

Second, the defendant acted willfully; that is, the defendant acted deliberately and with knowledge both that the statement was untrue and that his or her conduct was unlawful; and

Third, the statement was material to the activities or decisions of the Environmental Protection Agency; that is, it had a natural tendency to influence, or was capable of influencing, the agency's decisions or activities.

5.  **Waiver of Rights by Plea:**

(a) The defendant is entitled to have the charge outlined in paragraph 2, above, prosecuted by an indictment returned by a concurrence of 12 or more members of a legally constituted grand jury, consisting of not less than 16 and not more than 23 members.

(b) The government has a right to use against the defendant, in a prosecution for perjury or false statement, any statement given under oath during the plea colloquy.

(c) The defendant has the right to plead not guilty or to persist in a plea of not guilty.

(d) The defendant has the right to a jury trial unless, by written waiver, the defendant consents to a non-jury trial. The United States must also consent and the Court must approve a non-jury trial.

(e) The defendant has the right to be represented by counsel and, if necessary, have the Court appoint counsel at trial and at every other stage of these proceedings.

(f) If the trial is a jury trial, the jury would be composed of 12 laypersons selected at random. The defendant and the defendant's attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that the defendant is presumed innocent, and that it could not convict unless, after hearing all the evidence, it was persuaded of the defendant's guilt beyond a reasonable doubt.

(g) If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all of the evidence, whether or not the judge was persuaded of the defendant's guilt beyond a reasonable doubt.

(h) At a trial, whether by a jury or a judge, the United States would be required to present its witnesses and other evidence against the defendant. The defendant would be able to confront those government witnesses and the defendant's attorney would be able to cross-examine them. In turn, the defendant could present witnesses and other evidence. If the witnesses for the defendant would not appear voluntarily, their appearance could be mandated through the subpoena power of the Court.

(i) At a trial, there is a privilege against self-incrimination so that the defendant could decline to testify and no inference of guilt could be drawn from the refusal to testify. Or the defendant could exercise the choice to testify.

(j) If convicted, and within 14 days of the entry of the Judgment and Commitment, the defendant would have the right to appeal the conviction to the Ninth Circuit Court of Appeals for review to determine if any errors were made that would entitle the defendant to reversal of the conviction.

(k) The defendant has a right to have the district court conduct the change of plea hearing required by Rule 11, Federal Rules of Criminal Procedure. By execution of this agreement, the defendant waives that right and agrees to hold that hearing before, and allow the Rule 11 colloquy to be conducted by, the U.S. Magistrate Judge, if necessary.

(l) If convicted in this matter, a defendant who is not a citizen of the United States may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

The defendant understands that by pleading guilty pursuant to this agreement, the defendant is waiving all of the rights set forth in this paragraph. The defendant's attorney has explained those rights and the consequences of waiving those rights.

6. **Recommendations:** The United States will recommend the defendant's offense level be decreased by two levels for acceptance of responsibility, pursuant to USSG §3E1.1(a), unless the defendant is found to have obstructed justice prior to sentencing, pursuant to USSG §3C1.1, or acted in any way inconsistent with acceptance of responsibility. The United States will move for an additional one-level reduction, pursuant to USSG §3E1.1(b), if appropriate under the Guidelines.

The parties agree to recommend a sentence of five (5) years probation. Defendant also agrees that he will not move for early termination of his probation regardless of the good conduct of defendant. He acknowledges that moving for early termination would not be in the interests of justice in this case and would constitute a breach of this agreement.

Furthermore, the parties agree to recommend that the Court impose a $50,000.00 fine as part of the defendant's sentence.

The parties agree that the jointly recommended sentence and fine amount are reasonable and not greater than necessary given the facts in this case. The parties reserve the right to make any other arguments at the time of sentencing. The defendant understands that the Court is not bound by these recommendations.

AUSA   DEF   ATTY   Date   Page 6

7. **Sentencing Guidelines:** Although advisory, the parties agree that the U.S. Sentencing Guidelines must be applied, and a calculation determined, as part of the protocol of sentencing to determine what sentence will be reasonable.

8. **Appeal Waiver:** The defendant understands that the law provides a right to appeal and collaterally attack the sentence imposed in this case. 18 U.S.C. § 3742(a); 28 U.S.C. §§ 2241, 2255. Based on the concessions made by the United States, the defendant knowingly waives any right to appeal or collaterally attack any aspect of the sentence, including conditions of probation or supervised release. This waiver includes challenges to the constitutionality of any statute of conviction and arguments that the admitted conduct does not fall within any statute of conviction. This waiver does not prohibit the right to pursue a collateral challenge alleging ineffective assistance of counsel.

9. **Restitution:** The parties do not anticipate the imposition of restitution in this case. The defendant understands, however, that there may be victims who submit claims seeking restitution for losses incurred in connection with the defendant's conduct in this case. The defendant agrees to be responsible for complete restitution related to his conduct in this case, whether or not that conduct is reflected in the charge to which he will plead guilty, but understands that any determination concerning restitution will be made by the Court only after the parties and any victims have an opportunity to be heard.

10. **Voluntary Plea:** The defendant and the defendant's attorney acknowledge that no threats, promises, or representations have been made to induce the defendant to plead guilty, and that this agreement is freely and voluntarily endorsed by the parties.

11. **Detention/Release After Plea:** The United States agrees that it will not move for detention, but will defer to the discretion of the Court the decision as to whether the defendant meets the conditions of 18 U.S.C. § 3143(a)(1) or (2), and whether the defendant has clearly shown exceptional reasons why detention is not appropriate. 18 U.S.C. § 3145(c). The United States is obligated to advise the Court of the appropriate legal standards that relate to the defendant's eligibility for post-conviction release. The defendant acknowledges that obligation and understands that advising the Court as to the law and facts is not an abrogation of its agreement not to request remand.

12. **Breach:** If the defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the U.S. Attorney's Office is relieved of its obligations under this agreement, but the defendant may not withdraw the guilty plea.

13. **Entire Agreement:** Any statements or representations made by the United States, the defendant, or defense counsel prior to the full execution of this plea agreement are superseded by this plea agreement. No promises or

representations have been made by the United States except as set forth in writing in this plea agreement. This plea agreement constitutes the entire agreement between the parties. Any term or condition which is not expressly stated as part of this plea agreement is not to be considered part of the agreement.

KURT G. ALME
United States Attorney

_____
Bryan R. Whittaker
Assistant U. S. Attorney
Date: 7/16/18

_____
Zachary Daniel Flanagan
Defendant
Date: 7/12/18

_____
Brian K. Gallik
Defense Counsel
Date: 7/12/18