IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 18–14–BU–DLC |
| Plaintiff, | |
| vs. | ORDER |
| ZACHARY DANIEL FLANAGAN, | |
| Defendant. | |

Before the Court is Defendant Zachary Daniel Flanagan's Unopposed Motion for Early Termination of Probation. (Doc. 26.) Flanagan, having served over three years of his five-year probationary term, seeks the premature termination of the remaining balance. (*Id.*) The United States does not oppose the motion. (*Id.* at 2.)[1]

Federal law permits this Court, "after considering the factors set forth in section 3553(a) to the extent that they are applicable," to prematurely terminate a probationary term when "such action is warranted by the conduct of the defendant and the interest of justice." 18 U.S.C. § 3564(c). The only statutory prerequisite is expiration of at least one year of the probationary term. *Id.* The relevant § 3553(a) factors generally include "the nature and circumstances of the offense, the need for

---

[1] The United States has also formally waived the provision in the plea agreement that prohibits Flanagan from seeking the early termination of his probationary term. (*See* Docs. 27; 28.)

1

deterrence, the need to protect the public, the need to provide defendant with training or medical care, and the relevant provisions of the Sentencing Guidelines." *United States v. Gross*, 307 F.3d 1043, 1044 (9th Cir. 2002) (construing the factors applicable to the early termination of supervised release). This Court "need not discuss every factor," but the record must sufficiently establish that the Court fulfilled its "duty to explain its sentencing decisions" which extends to the early termination of probation context. *See United States v. Emmett*, 749 F.3d 817, 821 (9th Cir. 2014) (applying this standard to early termination of supervised release motions).

Flanagan pled guilty to one count of false statements, in violation of 18 U.S.C. § 1001(a)(2), and, on November 15, 2018, was sentenced to a probationary term of five years. (Doc. 19 at 1–2.) Because over a year of this term has elapsed, Flanagan is statutorily eligible for the premature termination of his probationary term. Consideration of the relevant § 3553(a) factors, Flanagan's conduct while on probation, and the interests of justice, all support prematurely terminating his remaining probationary term. Flanagan quickly paid off his $50,000 fine and has been completely compliant with his supervisory conditions. Early termination is warranted. The Court wishes Flanagan the best of luck.

Accordingly, IT IS ORDERED the motion (Doc. 26) is GRANTED.

IT IS FURTHER ORDERED that, pursuant to 18 U.S.C. § 3564(c), Flanagan's remaining probationary terms is TERMINATED.

The Clerk of Court is directed to notify the United States Probation Office of the making of this Order.

DATED this 15th day of August, 2022.

_____
Dana L. Christensen, District Judge
United States District Court